[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTIONS FOR SUMMARY JUDGMENT
The plaintiff has brought suit against several parties, including a contractor and a manufacturer[1], supplying a boiler to a work site in Rocky Hill, claiming damages arising from a fire that occurred at this site. The plaintiff alleges that he was renting a room at an adjacent motel when the fire broke out. He was roused from his room and ran outside. The fire marshal states that the fire was caused by the hot boiler reacting with a chemical on the flooring below the boiler. The plaintiffs damages consist of the adverse emotional reaction he suffered as well a minor injury to his knee that has now resolved itself. East Coast and Trane have moved for summary judgment on counts alleging negligence, nuisance and negligent infliction of emotion distress.
Because the court concludes that there are no genuine issue of material fact and that the defendants are entitled to judgment as a matter of law, Practice Book § 17-49, the court grants summary judgment to both defendants on counts two and three (the negligence counts). In order to recover in an action for negligence, the plaintiff must establish the following elements: duty, breach of that duty, causation, and actual injury. Gomes v. Commercial Union Ins. Co., 258 Conn. 603, 614 (2001). Whether the plaintiff has met the first requirement, that of duty, is a question of law to be resolved by the court before any jury considers the matter. Id. at 614.
The plaintiff has not met the required showing of duty in this case.[2]
In RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381, 385-86 (1994), the court stated the following about "duty":
Duty is a legal conclusion about relationships between individuals, made after the fact, and imperative to the negligence cause of action. The CT Page 16506 nature of the duty, and the specific persons to whom it is owed, are determined by the circumstances surrounding the conduct of the individual. . . . [O]ur threshold inquiry has always been whether the specific harm alleged by the plaintiff was foreseeable to the defendant. . . . [W]ould the ordinary [person] in the defendant's position, knowing what he knew or should have known, anticipate the harm of the general nature of that suffered was likely to result? [In addition] [t]he final step in the duty inquiry. . . is to make a determination of the fundamental policy of the law, as to whether the defendant's responsibility [even if foreseeable] should extend to such results [that is where should the "ripplings of the waters" caused by the defendant's actions end].
(Citations omitted; quotation marks omitted).
The plaintiff has alleged that the defendant contractors own a duty to him, a guest in an adjacent building, for his emotional reaction to his evacuation. This reaction does not appear to be a forseeable response to the defendants' actions. Even if foreseeable, it would not be in keeping with considerations of policy to allow for such recovery. In RKConstructors, Inc., supra, a suit brought by an employer against a contractor who injured the employer's worker was unsuccessful because "the nexus between that act and the plaintiff and its lost profits is simply too tenuous to impose liability for such collateral consequences." Id. at 388.
The case of Bartelli v. O'Brien, 718 N.E.2d 344 (Ill.App. 1999) also supports this result. A hotel caught fire and a patron at a near-by saloon claimed damages. There the court found a duty in the hotel to have working smoke detectors and fire extinguishers. It was forseeable that the failure to have fire prevention equipment at a hotel would lead to damages to adjacent parties. Here, however, the site was a construction site. Both East Coast and Trane had the limited duties of manufacturing and installing equipment[3] a duty does not exist under these circumstances to the guests of the motel next door.
In Nava v. McMillan, 176 Cal.Rptr. 473, 475 (Cal.App. 1981) a girl, frightened by a vicious dog on defendant's premises, stepped off the sidewalk into the street, and was struck by an automobile. The court found the harm unforseeable by the land owner: CT Page 16507
 The real basis for negligence. . . is. . . behavior which society in general views as involving an unreasonable risk of harm to others. . . . To determine whether a duty exists, the following factors must be weighed: the forseeability of harm, the degree of certainty of injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, the policy of preventing future harm, the extent of the burden to the defendant and the consequences to the community of imposing a duty to exercise care with resulting liability for breach, and the availability, cost, and prevalence of insurance for the risk involved.
These factors lead this court to find that these defendants did not have a duty to the plaintiff. The plaintiff admits in his brief at page 4 that the fire codes did not require that a building under construction have a fire alarm or a sprinkler system. The area was not one classified as a high crime area, in contrast to the "skid row" area in Aetna InsuranceCo. v. 3 Oaks Wrecking Lumber Co., 382 N.E.2d 283 (1978). There is no issue of third party criminal activity here. The facts of this case are inappropriate to impose a duty to adjacent persons on these contractors.
The court also grants summary judgment on counts nine and ten (the nuisance counts). The plaintiff has not alleged, nor do his affidavits and exhibits establish, that the alleged conduct of the defendants "unreasonably interfered with [his] use and enjoyment of [his real] property." Pestey v. Cushman, 259 Conn. 345, 362 (2002) (emphasis added). See also Medeiros v. Sauve, Superior Court, judicial district of New London at Norwich, Docket No. 123398 (April 22, 2002; Martin, J) (plaintiff failed to show that he was injured in his relation to a right he enjoys as an owner of land). Here the plaintiffs complaint and affidavit describe his tenancy as that of a tenant of short duration and his stress as regarding his personal property. This does not satisfy a claim for private nuisance.[4]
Finally the court grants summary judgment on counts thirteen and fourteen (negligent infliction of emotional distress). To succeed on such a claim, the plaintiff must demonstrate that the defendants should have realized that their conduct involved a unreasonable risk of emotional distress.[5] See Montimeri v. Southern New England Telephone Co.,175 Conn. 337, 345 (1978) ("The limits set by the trial court in its CT Page 16508 charge were, in substance, that the defendant would not be liable unless the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that that distress, if it were caused, might result in injury or bodily harm."); Barrett v.Danbury Hospital, 232 Conn. 242, 260 (1995) (summary judgment against proper against patient who alleged negligent infliction of emotional distress when furnished a stretcher soaked in another's blood). As inGomes, supra at 619, the finding here that there was no duty to the plaintiff also means that, as a matter of law, the defendants cannot have realized that their conduct would involve an unreasonable risk to the plaintiff.
The motions for summary judgment are granted.
 ___________________ Henry S. Cohn